In the Matter of the Estate of WALTER N. HELVESTON, *Absentee, (In Re* Claim of D. J. HOBBS Against Lot 2, Block 120).

Division B.

Opinion filed August 1, 1928.

J. H. *Hancock* and *Thomas J. Ellis,* Attorneys for Petitioner.

Buford, J.—In this case a receiver was appointed by the Circuit Court of Charlotte County to take charge of, hold, manage and conduct the estate, property and assets of Walter N. Helveston. Later D. J. Hobbs filed a petition in that court to be allowed to intervene as a claimant holding a preferred claim against the estate of Walter N. Helveston, such claim being an alleged lien on certain property of Walter N. Helveston acquired by the furnishing of material and labor to construct certain improvements on such property and prayed for an adjudication of his claim against the receiver. At the same time D. J. Hobbs filed a petition praying an order of court allowing him to file independent suit in chancery to enforce his claim against the receiver by foreclosure of his lien. Both petitions were denied.

It appears from the record before us that the estate of Walter N. Helveston is in the hands of a receiver under the direction of the court. The petition of Hobbs to be allowed to intervene, taken together with the sworn statement thereto attached and sought to be filed, sets forth all essential allegations to show the existence of a statutory lien against the property described in the petition in favor of the petitioner. The court having assumed jurisdiction of the estate and having appointed a receiver, may direct the management and control of the estate and the settlement of lawful claims against the estate. The petition to intervene should have been granted. See Knickerbocker Trust Co. v. Green Bay Phosphate Co., 62 Fla. 519, 56 So.

R. 699; and Morgareidge v. Howey et al., 75 Fla. 234, 78 So. R. 14.

Order denying petitioner's petition to intervene is reversed.

WHITFIELD, P. J. AND TERRELL, J., concur.

ELLIS, C. J. AND STRUM AND BROWN, J. J., concur in the opinion and judgment.