THE VAN EEPOEL REAL ESTATE COMPANY, a Corporation, *Appellants*, v. THE SARASOTA MILK COMPANY, a Corporation, et al., *Appellees*.

Division B.

Opinion filed March 20, 1929.

435

*Jackson, Dupree & Cone,* for Appellants;

*Early & Arnest,* for Appellees.

BUFORD, J.—In this case a bill was filed by Van Eepoel Real Estate Company, a corporation, to foreclose a real estate mortgage alleged to have been a purchase money mortgage against Sarasota Milk Company, a corporation, and others. It is alleged that the mortgage was executed on November 25th, 1925, to Tampa Stock Farms Dairy Company and was recorded April 21, 1926, and was afterward assigned to the complainant for value. The Armstrong Cork & Insulation Company, a corporation, was made defendant and filed its answer in which answer this defendant claimed a prior lien acquired by the furnishing of material and performing certain labor under a contract with the then owner dated February 3, 1926. The answer alleged that first materials were shipped March 2nd, 1926; that the first labor was performed April 12th, 1926, and that the work was completed on April 16th, 1926, and that it filed its notice of lien on July 7th, 1926.

Testimony was taken by a master and report was made to the court on June 25th, 1927. An order was first made in favor of the original complainant holding the mortgage

lien, but, on rehearing, after a change of judges, this order was modified and a final decree was entered in which it was adjudicated that the lien of the Armstrong Cork & Insulation Company had priority over the lien of the mortgage of Van Eepoel Real Estate Company. From this decree appeal was taken.

We observe from the foregoing statement of the case that the mortgage here under consideration was taken before any work was done or material furnished by the defendant claiming a lien for work done and material furnished. Therefore, this lien-claimant is not in position to invoke the benefits resulting from that part of Section 3517, paragraph 1, Rev. Gen. Stats., reading as follows:

> "Any purchaser or creditor whose title, interest, lien or claim in and to the property shall be created, or shall arise while the construction or repair of such property as aforesaid is in progress, shall be deemed and held to be a purchaser or creditor with notice."

The same section above referred to in paragraph 2, provides:

> "As against purchasers and creditors of such owner without notice such lien shall be acquired upon real estate only from the time of the record in the office of the clerk of the circuit court of the county where the real estate lies of a notice of such lien."

The language above quoted, "such owner," refers to owners with whom the claimant of lien arising by reason of the furnishing of material or the performing of labor is in privity and the allegations of the answer show that this is the status of the defendant claiming the lien for material furnished and labor performed.

So, we have a case in which it appears that a first mortgage was given at a time when no material was being furnished or no labor being performed as a result of which a lien is claimed. That after this mortgage had been given, but before it was recorded, material was furnished and labor performed under a contract with the owner for the same and that by reason of the furnishing of such material and the performing of such labor, the contractor furnishing and performing the same became *entitled* to a lien which lien under the statute may be acquired upon real estate as against creditors without notice only from the time of the record in the office of the clerk of the circuit court of the county where the real estate lies of a notice of such lien. The notice of lien was not filed until several weeks after the mortgage had been recorded, therefore, the lien was not acquired under the language of the statute until after the record of the mortgage. This case differs from Booker & Co., et al., v. Leon H. Watson, opinion filed December 5th, 1928, reported 119 So. R. 104, in that in that case the holder of the mortgage took the same and acquired his lien during the time that material was being furnished and labor was being performed and, therefore, became a creditor with notice under the terms of the statute. While in this case the mortgage lien was acquired before the material was furnished or the labor performed and he was, therefore, not a creditor with notice.

This Court in the case of Axtell v. Smedley & Rogers Hardware Co. et al., 59 Fla. 430; 52 So. R. 710, say:

"Applying the foregoing principles of construction to subsection 2 (a) of paragraph 2210, General Statutes of 1906, prescribing how liens in favor of one who in privity with the owner has furnished materials for the erection and repair of buildings, etc., may be acquired as against purchasers and creditors— the proper

construction is that one furnishing materials has three months after the entire furnishing of the material to record his lien so as to secure his lien for twelve months after the record of the same, against persons who purchase the property or creditors without notice who became such after the recording of the lien, but such recording is not notice, nor does it make the lien effectual against a purchaser without actual notice who buys the property before the lien is recorded, and after the time when the materials are furnished—in other words, the act of recording the lien has no retroactive effect upon a purchaser.'' See also Peoples Bank v. Va. Bridge Co., 94 Fla. 474, 113 So. R. 680.

It, therefore, appears that the final decree should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.