J. J. HELVESTON, as Receiver of the Estate of Walter N. Helveston, Absentee, *Appellant*, v. D. J. HOBBS, *Appellee*.

135 So. 881.

En Banc.

Opinion filed July 10, 1931.

Petition for rehearing denied September 19, 1931.

*W. W. Sinclair*, for Appellant;

*J. H. Hancock* and *T. J. Ellis*, for Appellee.

MATHEWS, Commissioner:—Appellee Hobbs filed his petition of intervention in the Circuit Court of Charlotte County, Florida, in a chancery cause therein pending wherein a receiver had been appointed to take charge of, hold, manage and conduct the estate, property and assets of Walter N. Helveston, absentee. The petition sought to establish a lien in favor of Hobbs for labor and material alleged to have been performed and furnished by Hobbs to Walter N. Helveston, as owner upon lot 2, of Block 120, of the City of Punta Gorda. See In Re Estate of Walter N. Helveston, 96 Fla. 390, 117 So. 334.

After taking and submission of testimony, the court below found and decreed that appellee in privity with and at the request of Walter N. Helveston, absentee, and owner, performed labor and furnished materials in construction of a dwelling house upon the lands described in the petition in a certain amount; that same was still due and unpaid; and directed the receiver to pay the same and in default thereof that the property be sold.

From this decree, appellant J. J. Helveston, as receiver etc., appealed.

It is contended by appellant that the testimony in this cause wholly fails to support the decree.

The testimony herein shows that at the time of furnishing of the labor and material by Hobbs, Walter N. Helveston held a mortgage upon the lands in the petition described and that after the furnishing of such labor and material and the appointment of J. J. Helveston, as receiver, the said receiver foreclosed the mortgage theretofore held by Walter N. Helveston; that appellee was duly and regularly made a defendant to the foreclosure proceeding; that the said mortgage was alleged in the bill to be prior in dignity to the claims of defendant Hobbs and was decreed by the final decree in said cause to be prior and superior to all claims of defendant Hobbs and ordered paid and upon default in payment was sold by a special master under the direction of the court and bought in at such sale by J. J. Helveston as receiver, which sale appears to have been confirmed and no appeal taken.

In those cases where the proceedings are regular and junior lienholders are duly made parties to the action, the purchaser takes the realty freed from the lien of the junior encumbrancers. 2 Wiltsie on Mortgages (4th Ed.) Sec. 776.

It is insisted by appellee that though his alleged lien be lost by foreclosure, Walter N. Helveston, absentee, promised and agreed to pay for the labor and materials by

him performed and furnished upon the building erected upon the land in the petition described and that inasmuch as this claim is pending in a receivership matter before a court of chancery petitioner should therein have judgment against the estate of Walter N. Helveston, absentee, for the amount of his claim.

It appears from the evidence that the labor performed and materials furnished by Hobbs was furnished to and performed for Coles, the owner of the lands upon which the building was erected and the agreement by Walter N. Helveston to pay the debt was an agreement to pay the debt of another which must be in writing.

The testimony discloses no written agreement on the part of Walter N. Helveston to pay.

By section 5779 (3872) Compiled General Laws of Florida, 1927, it is provided that no action shall be brought whereby to charge the defendant upon any special promise to answer for the debt of another person unless the agreement or promise upon which such action shall be brought shall be in writing.

The final decree appealed from is reversed and the cause is remanded with directions to dismiss the petition.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the court below should be, and the same is hereby, reversed, and the cause is remanded with directions to dismiss the petition.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.