124 So.2d 132 (1960)
NATIONAL TITLE INSURANCE COMPANY and Family Investors, Inc., Appellants,
v.
MERCURY BUILDERS, INC., et al., Appellees.
No. 59-330.
District Court of Appeal of Florida. Third District.
November 7, 1960.
Rehearing Denied November 23, 1960.
Harold Tannen and Myers, Heiman & Kaplan, Miami, for appellants.
Turner, Hendrick & Fascell, Coral Gables, Smith, Rutledge & Henry, So. Miami, Cunningham & Weinstein, William W. Bailey, Monroe Gelb, Martin S. Forman, Cheren & Golden, Elry Stone, Salley & Roman, Edwin D. Taylor, James L. Guilmartin, Miami, Hubbard & Hickey, Irwin S. Futerfas, Coral Gables, Max R. Silver, Stanley H. Spieler, Miami, for appellees.
HORTON, Chief Judge.
Appellant National Title Insurance Company instituted action to foreclose a mortgage encumbering one lot in a subdivision known as Suburban Estates. Appellant Family Investors, Inc., the holder of a purchase money mortgage encumbering the *133 property in question, was named a defendant along with the fee owner, Mercury Builders, Inc., and a number of mechanic's lien holders.
We are concerned here with the priority between mortgagees and mechanic's lien claimants who have asserted liens upon the same land. The chancellor adjudicated that the liens held by the mechanic's lienors were superior in dignity to any right, title or claim of appellants National Title and Family Investors. This holding was based upon the chancellor's findings that Family Investors executed a subordination agreement making its mortgage subordinate to that given to National Title; that the purchase money mortgage in favor of Family Investors was withheld from recordation while visible commencement of improvements was begun by one or more of the lienors upon the land involved.
On August 8, 1956, Mercury Builders conveyed to Family Investors by warranty deed certain lots located in Suburban Estates. Lot 2, Block 1, the property in question, was one of these lots. This warranty deed was recorded on August 9, 1956. The trial record does not contain any evidence that construction had commenced at this time upon the property involved, nor did the chancellor find visible commencement of operations prior to recordation of this warranty deed. Thereafter, on October 11, 1956, Family Investors conveyed, by warranty deed, Lot 2 to Mercury Builders. This deed was not delivered or recorded until October 18, 1956. A purchase money mortgage from Mercury Builders to Family Investors was also delivered and recorded on October 18, 1956. National Title recorded their mortgage on October 22, 1956.
Appellant Family Investors has filed 48 assignments of error upon which it argues fifteen points for reversal of the decree appealed. National Title filed a joinder in appeal and adopted the points contained in Family Investors' brief, except that point which questions the sufficiency of the evidence to support the chancellor's finding that Family Investors had executed a subordination agreement.
A careful review of the record fails to reveal that a subordination agreement was offered or received in evidence. The only evidence contained in the record regarding such an agreement is in the option agreement[1] and in the purchase money *134 mortgage[2] entered into between Mercury Builders and Family Investors. These instruments contain clauses which state in effect that Family Investors agreed to subordinate its purchase money mortgage to a bona fide construction loan mortgage not exceeding the principal sum of $11,825 or a larger amount under conditions to be approved by Family Investors. The mortgage which National Title sought to foreclose was in the amount of $14,900. There is no evidence in this record of which we are aware showing that the conditions for allowing a mortgage exceeding $11,825 were met or approved, and in the absence of such showing, we conclude that the subordination agreement was not sufficiently proved. Little & Son v. Bryan, 100 Fla. 1577, 131 So. 652.
The chancellor found and adjudicated that Family Investors had withheld the purchase money mortgage from record and that visible commencement of improvements had in the meantime begun, rendering such mortgage subordinate and inferior to the claims of mechanic's lien holders. Although the record we do not feel substantiates the chancellor's findings that the appellant Family Investors had withheld the purchase money mortgage from record, nevertheless it would not appear necessary to decide that question since the record discloses that appellant Family Investors was owner of record of the property from August 9, 1956, under a deed from Mercury Builders. The appellee lien holders here could not have been misled as to the ownership of the property prior to October 18, 1956, the date of the recordation of the purchase money mortgage to appellant Family Investors, for the record fee simple title was clearly in Family Investors. Cf. Hunter v. State Bank of Florida, 65 Fla. 202, 61 So. 497; Rabinowitz v. Keefer, 100 Fla. 1732, 132 So. 297.
There is no charge, nor do we find any proof of acquiescence or knowledge of the improvements on the part of Family Investors, or privity existing between the appellant Family Investors and the mechanic's lien claimants; consequently we conclude that the general rule as referred to in Van Eepoel Real Estate Co. v. Sarasota Milk Co., 100 Fla. 438, 129 So. 892, 897, is controlling. In that case the Supreme Court of Florida said:
"The mortgage here involved is a purchase-money mortgage. The views herein expressed, affording the mechanic's lien priority, do not conflict with the general rule that a purchase-money mortgage, made simultaneously with the conveyance to the mortgagor, takes precedence over any lien arising through the mortgagor, though the latter be prior in point of time. [Citations omitted.]
"Examination of the cases just cited discloses that the rule last above stated, holding the purchase-money mortgage superior to the mechanic's lien, is applied in cases where the mechanic's lien is acquired for work done at the instance of the purchaser, and without the acquiescence of the vendor, prior to the execution of the mortgage. Thus, when A, the owner, enters into an executory contract to convey to B, and during the pendency of the contract and before a conveyance is executed, work is done upon the premises by a mechanic under a contract with B, the vendee, and without the knowledge or acquiescence of A, for which work the mechanic acquires a perfected lien, after which A executes a conveyance to B and simultaneously takes back a purchase-money mortgage, the mortgage is superior to the mechanic's lien, because B takes the title charged with *135 the incumbrance of the purchase money mortgage. A's vendor's lien is merged into the purchase-money mortgage, being merely an exchange of one form of security for another, and as the mechanic's lien could attach only to B's interest, which was acquired subject to the mortgage, and which is subordinate to A's vendor's lien and consequently to a purchase-money mortgage substituted for that lien, the mortgage is superior to the mechanic's lien." [Emphasis in original opinion.]
We have considered the remaining contentions of the appellants and find them to be without merit.
Accordingly, that portion of the decree adjudicating the interest of the lienors and the appellant National Title Insurance Company to be superior to that of appellant Family Investors, is reversed, and the cause is remanded for the entry of a decree in accordance with the opinions expressed herein. In all other respects the decree is affirmed.
Affirmed in part, reversed in part and remanded.
CARROLL, CHAS., J., concurs.
PEARSON, J., dissents.
NOTES
[1] "If the first party exercises its option to purchase any lot located in Block 1, Suburban Estates, (described in Paragraph III hereof) and receives Warranty Deed and executes its purchase money mortgage thereon, such purchase money mortgage shall contain a provision whereby the mortgagee agrees to subordinate its mortgage to a bona fide construction loan mortgage not exceeding the principal sum of Eleven Thousand, Eight Hundred and Twenty-Five ($11,825.00) Dollars or a large amount if approved by the second party, in its sole and exclusive discretion. However, the first party may secure from National Title Insurance Company a permanent F.H.A. mortgage to conform to F.H.A. mortgage commitment upon such lot and a procedure may be arranged between the first party and the National Title Insurance Company whereby no sums in excess of Eleven Thousand, Eight Hundred and Twenty-Five ($11,825.00) Dollars, or amount previously approved by second party, shall be advanced to first party except concurrently with the full payment of the purchase money mortgage held by the second party and concurrently with the closing of the deal whereby the completed house and lot transaction is closed with the bona fide purchaser of the property. Under such circumstances the second party shall be required to subordinate its purchase money mortgage to the permanent F.H.A. mortgage loan. For example, suppose that the Federal Housing Administration issues its F.H.A. commitment for $15,000.00 upon a certain lot, and National Title Insurance Company is willing to make the permanent F.H.A. mortgage loan for such amount, and to advance not exceeding $11,825.00 for construction loan purposes, with the balance of the proceeds of the loan to be payable to the first party concurrently with the full payment of the purchase money mortgage and concurrently with the closing of the deal whereby the completed house and lot transaction is closed with the bona fide purchaser of the property. Under such circumstances, the second party would be required to subordinate to the permanent F.H.A. mortgage loan in the amount of $15,000.00."
[2] "The mortgagee, provided this mortgage is not in default, hereby covenants and agrees that it will subordinate this mortgage to a bona fide construction loan mortgage not exceeding the principal sum of Eleven Thousand Eight Hundred Twenty Five ($11,825.00) Dollars, or a larger amount if approved by the mortgagee in its sole and exclusive discretion."