DRIVER, B. J., Associate Judge.
The issue presented by this appeal is whether lands sold pursuant to a judgment of foreclosure but redeemed by defendant mortgagors prior to vesting of title in the buyer at Clerk’s sale by filing of Clerk’s Deed remains subject to a general judgment lien which encumbered the property before foreclosure proceedings.
Appellants, Eva M. Roy and Rick A. Roy, were on November 5, 1964, the owners of a tract of land which is the subject of these proceedings, and on said date mortgaged the land. Appellee, Marian Matheson, on August 15, 1967, was granted a Final Summary Judgment against the Roys and procured a Writ of Execution on her judgment. This was never satisfied. It is to be noted that the Matheson judgment was in no way related to the mortgage of November 5, 1964.
The Roys, on September 12, 1967, deeded the property to Whispering Palms Mobile Park, Inc. It is not disputed that at the time of the deed to Whispering Palms the property was still subject to the Matheson judgment lien.
The holders of the 1964 mortgage, Messrs. Hansbrough and West, in 1969 instituted foreclosure proceedings on the mortgage. Mrs. Matheson was joined in the mortgage foreclosure as a subordinate lien holder. She did not Answer and a Default Judgment was entered against her. The foreclosure proceeded to final judgment and sale. After sale but prior to delivery of the Clerk’s Certificate of Title to the buyer at the sale the Roys moved for and were granted leave by the Court to redeem the property. The Roys redeemed the property and pursuant to stipulation of the parties the foreclosure suit was dismissed.
Hansbrough, plaintiff in the foreclosure action, meanwhile had acquired by assignment the Matheson judgment lien. Hans-brough, after dismissal of the mortgage foreclosure suit, levied on the property and undertook to sell the same to satisfy the Matheson judgment. The Roys moved the Court for a Stay of Execution as well as other relief. The Motion to Stay Execution was denied. This appeal followed.
Appellants assign four points on appeal. Points 1, 2, and 3 are so closely intertwined that they will be treated together.
Point 1 is that the judgment of mortgage foreclosure cut off and barred the Mathe-son judgment lien. Points 2 and 3 as a corollary to Point 3 take as their predicate that Matheson having defaulted in the mortgage suit, she and her assignees are estopped from asserting the judgment lien against the subject property.
The Briefs of the parties and our independent research have failed to find any Florida decisions on the points raised in Assignments of Error 1, 2, and 3. Appellants rely strongly, however, on Pinellas County v. Clearwater Federal Savings and Loan Association, 214 So.2d 525 (Fla.App. 2nd 1968) as being of controlling persuasion.
That case, however, does not carry the day for appellants. The factual situations *606 in these proceedings and those in Pinellas County v. Clearwater First Federal Savings & Loan Ass’n, supra, bring into play different principles and issues.
We do find cases in point in other jurisdictions. The prevailing rule controlling the issue raised by Assignments of Error 1, 2, and 3 is that where property is sold under a judgment of foreclosure but is redeemed prior to vesting of title under a Sheriff’s or Clerk’s Deed it remains subject to a general judgment lien which had attached prior to foreclosure. Flanders v. Aumack, 32 Or. 19, 51 P. 447 (1897); Bodine v. Moore, 18 N.Y. 347; DeRoberts v. Stiles, et al., 24 Wash. 611, 64 P. 795 (1901); Warren v. Fish, 7 Minn. 432; Damascus Milk Co. v. Morriss, 1 Wash. App. 501, 463 P.2d 212 (1969).
The common denominator in each of the just cited authorities is that when a mortgagor redeems from a sale conducted pursuant to a Decree of Mortgage Foreclosure a general lien is revived and the redeemed property is again subject to it. The lien of a specific mortgage foreclosed is, of course, not revived. The rule just alluded to finds a reflection in Section 702.02(3) Florida Statutes, F.S.A. which declares that the vesting of title to property sold under a judgment of mortgage foreclosure shall be by Certificate of Title issued by the Clerk of the Court. The effect of the Clerk’s sale pending filing of Certificate of Title is to suspend but not divest the property of general judgment liens. The filing of the Clerk’s Certificate of Title, however, does vitiate and cut off prior judgment liens. From time of sale to the filing of the Certificate of Title the rights of the purchaser at sale are inchoate and transfer of title is not consummated until the filing of the Clerk’s Certificate of Title in accordance with Section 702.02(3) supra. Stated conversely, title in the mortgagor is not divested until the filing of the Certificate of Title, consequently general liens continue to attach to the property.
It follows, therefore, that since appellants, Roys, redeemed the property before they were divested of title by the filing of the Clerk’s Certificate the Matheson lien which had attached prior to foreclosure was never extinguished or divested, and the trial court was eminently correct in refusing to stay execution of the sale to satisfy the Matheson lien.
The distinction between general and specific liens is worthy of note. Specific liens are those which attach to a specified property, i. e., mortgage liens; a general lien is one which may attach to any property owned by the debtor. Among the latter are judgment liens.
A consideration of the principles of es-toppel leads to the conclusion that estoppel has no application to this case. Matheson in defaulting to the mortgage foreclosure defaulted only as to the issues raised in the foreclosure suit and in doing so made no representation contrary to her present position. Neither did the Roys rely upon or change their position on account of the default which Matheson permitted to be entered against her.
We are, therefore, impelled to and do hold that a redemption by the mortgagor from a sale made under a judgment of mortgage foreclosure and before the filing of the Clerk’s Certificate of Title revives a general judgment lien encumbering the property prior to sale, and the redeemed property is subject to levy to satisfy the judgment lien.
The applicability vel non of Section 702.08, Florida Statutes, F.S.A., to the facts under consideration has been raised by appellant’s Assignment of Error No. 4. Section 702.08, supra, by its terms provides that when in a mortgage foreclosure action the trial court rescinds and sets aside a mortgage foreclosure proceeding, title to the foreclosed property and the interest of the parties revert to the same status as existed prior to foreclosure. The wording of Section 702.08, supra, is clear and unambiguous and we find no difficulty in *607 holding that it does apply to the facts as they exist in this cause.
The Order denying the Motion to Stay Execution is affirmed.
CROSS and OWEN, JJ., concur.