319 So.2d 198 (1975)
Marylin S. BARON, Appellant,
v.
Salvatore AIELLO, Appellee.
No. 75-293.
District Court of Appeal of Florida, Third District.
September 9, 1975.
Rehearing Denied October 15, 1975.
Marks, Keith, Mack & Lewis, Miami, for appellant.
Joseph Paglino, Miami, Nat Gursten, North Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
By way of interlocutory appeal, appellant seeks review of an order finding that the intervenor, appellee herein, has a valid lien in the amount of $3,000 against the subject realty in this foreclosure action.
Cy Georges and his wife, owners of certain real property, on March 22, 1972, executed a mortgage thereon which was recorded on March 26. Subsequently, this mortgage was transferred to B.D. Bolen who on March 22, 1973, filed a complaint against Cy Georges and his wife to foreclose *199 the mortgage for failure to make the payment due in December and all subsequent payments. A notice of lis pendens simultaneously was filed with the complaint. Prior thereto, on March 13, 1973 Salvatore Aiello, intervenor in the trial court and appellee herein, obtained a $3,000 judgment in Broward County against Cy Georges and had said judgment recorded on March 16, 1973 in Dade County.
On June 30, 1973 the trial judge, upon proper motion of plaintiff, entered a final summary judgment in mortgage foreclosure in favor of B.D. Bolen, and ordered a sale of the subject real property at public auction on July 27, 1973.
On July 3, 1973 Salvatore Aiello filed a motion to intervene, set aside judgment and for other relief. He alleged therein that he was the owner and in possession of the subject realty foreclosed against by virtue of a sheriff's deed dated June 20, 1973 and recorded in the public records of Dade County as a result of his having levied on the premises on May 8, 1973 and having duly executed thereon pursuant to the judgment recorded on March 16, 1973. Attached thereto was a copy of the June 20, 1973 sheriff's deed. The motion came on for hearing, and the trial judge ordered that (1) Aiello be named a party defendant, and (2) the foreclosure sale set for July 27, 1973 be rescheduled for September 7, 1973. On that date a public sale of the subject property was held at which Marylin Baron purchased same. No objections having been filed, on September 18, 1973 the clerk of the circuit court issued a certificate of title thereto to Marylin Baron.
Upon the intervenor's refusal to deliver possession of the premises to Ms. Baron after demand was made, Ms. Baron filed an affidavit for writ of assistance and Aiello, appellee, responded with an affidavit in opposition thereto.
After a hearing thereon, the trial judge denied the motion for writ of assistance and set the cause for further hearing to resolve the claims of title of the respective parties and factual questions. Another hearing on these issues was conducted and on July 2, 1974 an order was entered adjudging (1) appellant, Marylin Baron, to be the fee simple holder of the subject realty and entitled to possession thereof; (2) any interest of Aiello in the property to have been eliminated by the foreclosure sale; and (3) Aiello's judgment dated March 13, 1973 not to be a valid judgment against the subject property. Thereupon, the writ of assistance was granted to Ms. Baron. On July 10, 1974 Aiello moved for a new trial, rehearing or to alter or amend judgment and alleged, inter alia, that in the event good title to the premises was obtained by Ms. Baron, he should still have a claim or lien in the amount of $3,000 on said property. After hearing, the trial judge on January 24, 1975 entered an amended order adjudging Aiello to have a valid $3,000 lien (plus legal interest since March 16, 1973, the effective date thereof) against the subject real property such judgment being superior in dignity to the title of Marylin Baron or any persons claiming title through her. Ms. Baron appeals from this amended order. We reverse.
A judgment lien, as in the case at bar, is a general lien which attaches to any property owned or subsequently acquired by the judgment debtor; nevertheless, generally speaking, purchase money mortgages take priority over and are senior to any other prior or subsequent claims or liens attaching to the property through the mortgagor and upon foreclosure of the mortgage on the property to which a judgment lien is attached, the lien as to that property is extinguished. County of Pinellas v. Clearwater Federal Savings and Loan Association, Fla.App. 1968, 214 So.2d 525; Roy v. Matheson, Fla.App. 1972, 263 So.2d 604.
In the case before us, the mortgage which was foreclosed was recorded in *200 March 1972, one year prior to the judgment obtained by the appellee-intervenor, and thus this recorded purchase money mortgage took priority over and was senior to appellee's subsequent judgment lien attaching to the subject realty. Appellee's attempt to execute on his judgment in May 1973 was too late as the foreclosure action at that time had been commenced and a notice of lis pendens filed. We also note that appellee Aiello properly was joined as a party defendant upon his motion for intervention. See County of Pinellas, supra.
Reviewing these facts in light of the controlling principle of law cited hereinabove, leads us to the conclusion that upon the title to the subject real property being issued by the clerk of the circuit court to appellant, Ms. Baron, the purchaser at the public sale held pursuant to the judgment in mortgage foreclosure, Aiello's subsequent judgment lien as to that property was extinguished.
Therefore, the trial judge was in error in entering the amended order adjudging Aiello to have a valid lien in the amount of $3,000 plus interest against the subject realty and further holding his judgment to be superior in dignity to the title of appellant, Ms. Baron.
Before concluding, we wish to point out that although Aiello's lien is nullified as an encumbrance on the foreclosed property as to the debtor Cy Georges, the lien is dormant only and is ready to be revived at the moment of acquisition of property to which it can attach. See County of Pinellas, supra.
Accordingly, the amended order of January 24, 1975 is reversed and the cause remanded to the trial court with directions to reinstate its order of July 2, 1974 in its entirety.
It is so ordered.