LETTS, Judge.
We have simplified and distilled the facts,[1] but in essence the question presented is whether a defaulting homeowner may allow his real estate to be foreclosed by a mortgage lender, to whom a certificate of sale is issued, and then repurchase that real estate from said lender before the certificate of title is issued thereby defeating other junior mortgage lenders named in the foreclosure. We conclude that he cannot and reverse.
Had the certificate of title been issued to the mortgagee the question before us would not be so easily answered. However, such was not the fact pattern of the instant case and it was the repurchasing owner who allowed the mortgage to remain in default, thereafter adroitly regaining title by paying off the senior mortgagee before issuance of the certificate of title to said senior lender.
In such circumstance we cannot countenance the extinguishment of the junior mortgage. See Torreyson v. Dutton, 137 Fla. 683, 188 So. 805 (1939) and Roy v. Matheson, 263 So.2d 604 (Fla. 4th DCA 1972). We recognize that this decision appears to be in conflict with County of Pinellas v. Clearwater Federal Savings and Loan Association, 214 So.2d 525 (Fla. 2d DCA *361 1968), wherein the court indicated that reacquisition of the property by the same owner is not determinative. However, although the court in this Clearwater Federal case makes no mention of it, the passage of time stated in the facts indicates that an actual certificate of title must have been issued to the Federal before the sale back to the defaulting owner.
REVERSED AND REMANDED.
DOWNEY and GLICKSTEIN, JJ., concur.

. One omitted fact, of which the Appellee makes much, is that this last property owner’s deed was never recorded and that he did not therefore obtain good title. We do not agree that recordation is necessary to pass title and at all events the Appellee was no arms-length stranger when he repurchased the property from the second mortgagee.