479 So.2d 188 (1985)
ALLISON ON THE OCEAN, INC., Appellant,
v.
PAUL'S CARPET, INC., Appellee.
No. 85-463.
District Court of Appeal of Florida, Third District.
November 20, 1985.
Rehearing Denied December 30, 1985.
*189 Matt D. Goldman, Miami, for appellant.
Giller & Kasdin and Neisen Kasdin, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Allison on the Ocean, Inc. (Allison on the Ocean), intervenor in the trial court, appeals a final order denying its motion for stay of a sheriff's sale.
The facts are as follows. Allison Resorts, Inc. (Allison Resorts) held a ninety-nine year ground lease on property known as the Allison Hotel. Appellee Paul's Carpet, Inc. (Paul's Carpet) furnished and installed carpeting at the hotel for which Allison Resorts owed it $18,000. Paul's Carpet recorded its claim of lien on May 3, 1982.
On July 22, 1982 Paul's Carpet filed a complaint against Allison Resorts to foreclose on its mechanic's lien, for money damages on account stated and for goods sold and delivered. The claim for damages arose out of money owed to four creditors of Allison Resorts who had assigned their right to payment to Paul's Carpet. On August 16, 1982 Paul's Carpet recorded its notice of lis pendens in connection with the mechanic's lien.
On August 10, 1983 the trial court entered a stipulated final judgment against Allison Resorts. The court awarded damages to Paul's Carpet on its claim as assignee of the four creditors. On the same date a stipulated final judgment of foreclosure was entered in favor of Paul's Carpet pertaining to the mechanic's lien. The final judgment of foreclosure provided that upon the sale's confirmation, all persons claiming by, through and under Allison Resorts, since August 12, 1982, would be "forever barred and foreclosed of and from all right, title, interest, claim[,] estate or demand of any kind ... to the property herein described... ."
An agreement between Allison Resorts and Paul's Carpet was incorporated into both final judgments. The agreement provided that Paul's Carpet would not levy or seek collection of its judgments prior to September 1, 1983. It further provided that any action taken by any party or by Allison Resorts which would affect the ownership of the hotel property or the validity of Paul's Carpet's liens, gave Paul's Carpet the right to levy or collect on the judgments prior to September 1, 1983. Both judgments were recorded in the Official Records Book of Dade County on August 25, 1983.
On January 26, 1984 the Clerk of the Circuit Court sold the hotel property pursuant to the final judgment of foreclosure. The purchaser of the property assigned title to the property to appellant, Allison on the Ocean. Allison on the Ocean was a one-half owner of Allison Resorts.
Subsequently, Paul's Carpet filed an execution and instructions for levy on the judgment lien as to the hotel property. A sheriff's sale was scheduled for November 18, 1984. Allison on the Ocean filed motions *190 to intervene and for stay of the sheriff's sale. The trial court granted its motion to intervene and permitted a temporary stay of the sale. A hearing was held on the validity of the sheriff's sale. On January 25, 1985 the trial court denied Allison on the Ocean's motion for stay of the sheriff's sale and directed the sheriff to reschedule the sale.
On appeal Allison on the Ocean claims the trial court erred in ruling that it had acquired title to the property subject to the judgment lien of Paul's Carpet. For the reasons which follow, we agree that Allison on the Ocean acquired title to the property free and clear of the judgment lien.
First, the statutory provisions governing the priority of liens establish the mechanic's lien to be superior to the judgment lien. Section 713.07(2), Florida Statutes (1983) provides:
Liens under ss. 713.05 and 713.06 shall attach and take priority as to the time of recordation of the notice of commencement, but in the event a notice of commencement is not filed, then such liens shall attach and take priority as of the time the claim of lien is recorded.
Section 55.10(1), Florida Statutes (1983) provides:
A judgment or decree becomes a lien on real estate in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation.
Paul's Carpet's mechanic's lien attached on May 3, 1982, the date it recorded its claim of lien. See § 713.07(2), Fla. Stat. (1983). Its judgment lien attached August 25, 1983, when it was recorded in the official records. See § 55.10(1), Fla. Stat. (1983). Therefore, its mechanic's lien took priority and was senior to its judgment lien as to the subject property. Inasmuch as Paul's Carpet was a party to the mechanic's lien foreclosure and its judgment lien was inferior to its mechanic's lien, its interest in the property was concluded by virtue of the foreclosure. See Helveston v. Hobbs, 102 Fla. 458, 135 So. 881 (1931).
Furthermore, the stipulated final judgment of foreclosure didn't state that the judgment lien would survive the foreclosure, or that a purchaser at foreclosure would take subject to the judgment lien. In fact, it stated the contrary. Upon confirmation of the sale, all persons claiming by, through and under Allison Resorts since August 12, 1982 were forever barred from asserting any claim on the property. The effect of this provision in the final judgment of foreclosure is apparent. It serves to discharge all encumbrances on the property which arose after August 12, 1982. Since Paul's Carpet's judgment lien wasn't recorded in the official records book until August 25, 1983, this lien was discharged as to the subject property upon judicial sale.
Paul's Carpet's contention that the incorporated agreement preserved the judgment lien upon the property's foreclosure is unpersuasive. All that the agreement does is permit Paul's Carpet to levy or collect on its judgments prior to September 1, 1983, in the event Allison Resorts, or any party took any action which affected the ownership of the property or the validity of its liens. Nowhere in the incorporated agreement does it say the judgment lien would survive foreclosure of the mechanic's lien.
Paul's Carpet's second contention that the recording of its notice of lis pendens placed Allison on the Ocean on notice of the lawsuit's pleadings and the disposition of the lawsuit is equally unpersuasive. Allison on the Ocean's actual knowledge of the judgment lien against Allison Resorts did not put it on notice that purchase of the property was subject to such lien, where the final judgment of foreclosure provided otherwise and the incorporated agreement was silent on the matter.
This does not leave Paul's Carpet without remedy as to its judgment lien. A judgment lien is a general lien which attaches to any property currently owned by the judgment debtor. It springs to life the minute the debtor acquires property to which it can attach. Baron v. Aiello, 319 So.2d 198 *191 (Fla. 3d DCA 1975); Pinellas County v. Clearwater Federal Savings and Loan Association, 214 So.2d 525 (Fla. 2d DCA 1968). Paul's Carpet can levy on any property now owned by Allison Resorts.
For the foregoing reasons and based upon the authorities cited, the order appealed is reversed and the cause remanded for proceedings not inconsistent with the views expressed in this opinion.
Reversed and remanded.