### In re BERKLEY MULTI-UNITS, INC., Debtor.

**Robert E. VENNEY and Jeffrey W. Warren, as co-Trustees of Berkley Multi-Units, Inc., a Debtor-in-Possession, Plaintiffs,**

v.

**Frank ARENA, et al., Defendants.**

Bankruptcy No. 85-0433-8P1.
Adv. No. 89-026.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 11, 1989.

Jeffrey Warren, Tampa, Fla., for plaintiffs.

Catherine Peek McEwen, Moffitt, Hart & Herron, P.A., Tampa, Fla., for the Prices and A. Clifton Black, Orlando, Fla., for other defendants.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a liquidating Chapter 11 case, and the matter under consideration is a Motion for Summary Judgment filed by Robert Venney and Jeffrey Warren, co-Trustees of the estate. The Trustees seek a determination by this Court based on undisputed facts the respective priorities of mortgage liens which encumbered the property known as Barbizon Lodge, which has since been sold by the Trustees. Inasmuch as the first mortgage held by John L. Price and Joan C. Price (the Prices) has been paid at closing of the sale, the remaining controversy relates to the respective priorities of six (6) equal dignity mortgagees (EDM's), reflecting a principal debt of $230,000, claimed to be senior in rank, and a mort-

gage held by the Prices which, while on its face indicates to be a third mortgage, claims to be senior in rank to the EDM mortgagees by the Prices.

The following facts are not in dispute.

The mortgage of the EDM's securing a principal debt of $230,000 were recorded in the public records on June 3, 1983, at 11:19 a.m., commencing at O.R. Book 3958, page 1866, and ending at O.R. 3958 at page 1883. The mortgage involved in this controversy, held by the Prices, was recorded on the same date at 11:21 a.m., at O.R. Book 4333, page 1332 to 1872. Edward J. Bond and Wanda B. Bond; Leon A. Menzl and Elizabeth Menzl; Thomas Bothell and Marjorie L. Bothell and David A. Bothell; John R. Gross and Karen Walker; Stanley R. Murray and Joan Murray; Fletcher M. Plymire and Josephine E. Plymire are five of the six EDM holders who filed an answer to the lawsuit.

It is the contention of the co-Trustees and the EDM mortgagees that there are no genuine issues of material fact and this Court should determine and rule as a matter of law that the six EDM's have a valid second position and the mortgage of the Prices recorded on the same date at 11:21 is in a third position junior in rank to the mortgage of the EDM's. This proposition, urged by the co-Trustees, is based on the undisputed facts first, that it is without dispute that the EDM's second mortgage was chronologically recorded before the third mortgage of the Prices was recorded, therefore, pursuant to the recording statute of this State, Fla.Stat. 695.11; second, in any event the mortgage held by the Prices clearly indicates on its face not only that it was intended to be, but, in fact, is a third mortgage; third, it was clearly intended to be subordinate to the mortgage held by the six EDM mortgagees.

Fla.Stat. 695.11 provides, inter alia, that the priority of mortgages shall be determined in the sequence they are recorded and one recorded ahead in a point in time to another shall be held superior to one which is recorded thereafter. In addition, it is the contention of the co-Trustees that the mort-

gage of the Prices, not the original first purchase money mortgage but the mortgage under consideration states on its face first, that it is a third mortgage and second, that it shall be subordinated to the EDM mortgages securing the combined indebtedness of $230,000.

To overcome the obvious, the Prices contend first that when a mortgage involves a purchase money mortgage, the time recordation of the mortgage is not relevant and a purchase money mortgage recorded will always be superior to other mortgages even though those have been recorded prior in time to the purchase money mortgage.

In addition, it is the contention of the Prices that notwithstanding the undisputed fact that their mortgage, which clearly indicates on its face that it is a third mortgage, it only provided for subordination if certain conditions precedent had been fulfilled. This proposition in turn is based on a statement in the mortgage which refers to a certain Contract for Sale between the Debtor and the Prices, the original owners of the Barbizon Lodge. There is nothing on the face of the mortgage held by the Prices which indicates what these conditions precedent are supposed to have been alluded to in the third mortgage of the Prices. The Contract for Sale includes a hand inserted statement in the addendum to the contract to the effect that all monies obtained by the buyer, i.e., the Debtor, will be used by the Debtor to pay for the remodeling of the property or to make payments to the Prices, or to the payment of "costs to subsidize all existing debts" [sic]. Based on these obscure and vague provisions, the Prices contend that since the down payment of $100,000 paid to them came from the holders of the EDM's, their position should be limited to the down payment of approximately $100,000, and the balance is merely an unsecured obligation.

Considering the respective positions of the parties, this Court is satisfied that in the State of Florida, the priorities of mortgages accompanying the same property are determined by the sequences of rec-

ordation, Florida Statute Section 695.01(1) (1987), which provides as follows:

(1) No conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of one year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law; nor shall any such instrument made or executed by virtue of any power of attorney be good or effectual in law or in equity against creditors or subsequent purchasers for a valuable consideration and without notice unless the power of attorney be recorded before the accruing of the right of such creditor or subsequent purchaser.

To support the proposition urged by the Prices that, notwithstanding the Statute, a purchase money mortgage will prevail over even previously recorded mortgages filed subsequently, if any, they cite the cases of *County of Pinellas v. Clearwater Federal Savings & Loan Ass'n,* 214 So.2d 525 (Fla. 2d DCA 1968); *National Title Insurance Co. v. Mercury Builders, Inc.,* 124 So.2d 132 (Fla. 3d DCA 1960). The case of *County of Pinellas v. Clearwater Federal Savings & Loan Ass'n,* dealt with the proposition that a welfare lien was subordinate to a purchase money mortgage at the time of the reacquisition of the property. Any reference to the priority of the purchase money mortgage was merely dicta to the effect that purchase money mortgages generally take priority over any and all prior or subsequent liens to the property through the mortgagor.

The Court in *County of Pinellas* noted that purchase money mortgages are recognized as being superior to claims of dower and homestead as well as to judgment liens and mortgages on after-acquired property. This Court is satisfied that the holding in *County of Pinellas* has no relevance to the issue under consideration, nor has the dicta any application in this instance. Even assuming, but not admitting, that the proposition urged by the Prices has some merit, this Court is satisfied there is no question that the facts which are undisputed in this

instance clearly establish that the description of the mortgage held by the Prices leaves no doubt that it was intended to be a third mortgage and is a third mortgage. The fact that it also provided for subordination to the EDM mortgages is an additional support for this conclusion. The argument by the Prices that the reference to the Contract for Sale in the mortgage somehow imposed a limitation on the amount secured by the EDM's mortgage is equally without merit. The mortgage itself fails to give any indication of any such limitation that it is independent of any provisions in the Contract for Sale. The subordination provision was obviously redundant since, as the mortgage of the Prices states on its face that it is a third mortgage, thus it was totally unnecessary to provide for a subordination to a second mortgage, in this case the mortgage held by the six (6) EDM mortgagees.

It defies logic and common sense to assume that had the Prices intended to secure a position superior to the holders of the EDM mortgages, they would have certainly included the debt owed to them in the first mortgage which they retained upon the sale of the property, the validity of which nobody challenged. This being the case, this Court is satisfied that there are no genuine issues of facts and the matter under consideration can be resolved in favor of the Co–Trustees and the EDM's.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Partial Motion for Summary Judgment be, and the same is hereby, granted and the encumbrances on the Barbizon Lodge are established to be as follows: The first mortgage held by Mr. and Mrs. Price is now satisfied; the second mortgage held by the six (6) EDM's, Edward J. Bond and Wanda P. Bond; John R. Gross and Karen Walker; Leon A. Menzl and Elizabeth B. Menzl; Stanley R. Murray and Joan Murray; Fletcher M. Plymire and Josephine E. Plymire; Thomas Bothell and Marjorie L. Bothell and David A. Bothell; and the third mortgage held by Mr. and Mrs. Price.

A separate Partial Final Judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.