ALTENBERND, Judge.
Catherine Ferraro appeals a summary judgment quieting title to real property in Pasco County. The trial court declared that the property is owned by Donna Mazu-rek, as the purchaser at a sheriffs sale. Because of unresolved issues concerning title to the property prior to the sale and concerning the sufficiency of notice for that sale, we reverse the summary judgment.
Ms. Ferraro divorced Mr. Ferraro in January 1988 in a proceeding filed in Hillsbor-ough County. She received custody of their four minor children and also received the family home. Apparently, after the divorce judgment was entered, she discovered that her husband had purchased some land in Pasco County in October 1986 and had titled the property in the name of Fi-lomena Ferraro to avoid disclosure of this asset during the divorce.
In 1989, Ms. Ferraro filed an action in Pasco County to establish that Mr. Ferraro owned the undisclosed land. A default judgment was signed on July 30, 1990, declaring that Mr. Ferraro was the owner of this land. The correct description of this real property is:
Lot 152, LAKE PADGETT SOUTH, UNIT NO. 2, according to map or plat thereof as recorded in Plat Book 13, page 137 of the Public Records of Pasco County, Florida. LESS the following described parcel; From the Southwest corner of said Lot 152 run North 01° 14' 26" East, along the West boundary of said Lot 152 185.00 feet; thence North 69° 40' 32" East, along the Northerly boundary of said Lot 152 38.18 feet; thence South 35° 18' 02" East, 246.32 feet to a point on the South boundary of said Lot 152, thence South 89° 06' 52" West along the South boundary of said Lot 152 182.16 feet to the Point of Beginning.
The default judgment, however, contained an incorrect legal description. It failed to include the language removing a portion of the lot from the description and references a different plat book.[1] Thus, it described the property as:
Lot 152, Lake Padgett South, Unit # 2 in Land O Lakes as recorded in Plat Book 1775, Page 1934 of the Public Records of Pasco County, Florida.
*533 On September 25, 1990, Mr. Ferraro gave Ms. Ferraro a quitclaim deed to the larger parcel described in the default judgment.
Ms. Ferraro’s attorney apparently discovered the error. As a result, an amended default judgment correcting the description of the property was signed on October 30, 1990, and recorded a few days later. For whatever reason, another quitclaim deed was not obtained at that time.[2]
About the same time that Ms. Ferraro filed for divorce, Ms. Mazurek sued Mr. Ferraro in Hillsborough County to establish that he was the father of her child and to obtain child support. She prevailed in that action. She apparently obtained a judgment for child support arrearages on February 13, 1989.[3]
Ms. Mazurek allegedly recorded a certified copy of that judgment in Pasco County on September 29, 1989. Assuming she recorded the certified copy, she perfected a lien against any real property owned by Mr. Ferraro in Pasco County. Section 55.-10(1), Fla.Stat. (1989). In September 1989, Mr. Ferraro apparently had no disclosed ownership of property in that county. There may be some question when a certified judgment would attach as a lien to Mr. Ferraro’s interest in this property. However, Mr. Ferraro’s interest in the Pasco County property clearly would be subject to Ms. Mazurek’s judgment lien by the time the default judgment of July 30, 1990, was recorded. See generally Allison on the Ocean, Inc. v. Paul’s Carpet, Inc., 479 So.2d 188, 190 (Fla. 3d DCA 1985) (“A judgment lien ... springs to life the minute the debtor acquires property to which it can attach.”). Thus, it appears likely that Mr. Ferraro’s subsequent quitclaim deed to Ms. Ferraro was subject to Ms. Mazurek’s lien.
Ms. Mazurek filed an execution on her judgment in Pasco County in January 1991, and arranged for the sheriff to sell this property on May 30, 1991. Apparently, she did not notify Ms. Ferraro of the sale, even though Ms. Ferraro had a recorded deed that included all of this property. Ms. Ma-zurek purchased the property at the sheriff’s sale on May 30, and received a sheriff’s deed on June 6, 1991.[4]
Meanwhile, this suit to quiet title was filed on April 30, 1991. A lis pendens was filed containing the correct legal description. Ms. Mazurek filed her motion to dismiss on June 3, 1991, arguing the complaint was defective because it did not allege that she had an interest in the property. At that moment, she had already purchased the property at the sheriff’s sale and was waiting for the statutory period to elapse so she could take title.
The trial court did not determine whether Ms. Ferraro’s quitclaim deed of September 25, 1990, was sufficient to make her the legal owner of the smaller parcel described in the subsequent amended judgment. See generally Losey v. Losey, 221 So.2d 417 (Fla.1969); 26 C.J.S. Deeds § 104(b) (1956); 23 Am.Jur.2d Deeds § 336 (1983) (convey- *534 anee of a greater interest than owned is generally a good conveyance of the lesser interest actually owned). Even if she is not the legal owner of the property, Ms. Ferraro’s colorable claim of record to this property may be sufficient to entitle her to notice of the sheriff’s sale. See §§ 56.16, 56.21, Fla.Stat. (1991); see generally Coe v. Armour Fertilizer Works, 237 U.S. 413, 35 S.Ct. 625, 59 L.Ed. 1027 (1915) (due process requires notice to third party before its property is subject to execution). We emphasize that we are not resolving these issues, but merely determining that the trial court needed to resolve them before it could enter a judgment quieting title.[5]
Reversed and remanded for further proceedings.
SCHOONOVER and LEHAN, JJ., concur.

. It is not clear from this record that the parties have ever noticed the difference in the references to the plat books. No argument has been made that the deed was insufficient to transfer title as a result of this error.

. Another quitclaim deed was given by Mr. Ferraro to Ms. Ferraro in September 1991. That deed was given after the sheriffs sale. We doubt that it has any significance to the analysis of this unusual problem.

. The record does not contain certified copies of some relevant pleadings in Hillsborough County or in the earlier action in Pasco County. It does not contain any copy of Ms. Mazurek’s judgment for arrearages or documentary proof that a certified copy was actually filed in Pasco County. As a result, this opinion uses the word "apparently" to reflect facts that seem likely, are discussed in affidavits, or are not disputed by the parties, but are not established by documentary evidence or other evidence normally used to prove such matters at summary judgment. We further note that paragraph 11 of the initial complaint describes two lawsuits that Ms. Mazu-rek allegedly filed against Mr. Ferraro and Fi-lomena Ferraro in 1988 and 1989 in Pasco County. There is nothing further in the record concerning those lawsuits.

.The record suggests that Ms. Mazurek and her attorney were aware of Ms. Ferraro’s claim to the property when they arranged for the sheriff’s sale because they were aware of the lawsuit in which she obtained title. Ms. Mazurek's affidavit in support of summary judgment does not deny actual knowledge of Ms. Ferraro’s claim to the property and expressly acknowledges Ms. Ferraro’s quitclaim deed as the deed of record immediately preceding her sheriff's deed. Her affidavit describes the July 30 judgment as declaring Mr. Ferraro to be "the legal owner of the subject property” and the October 30 judgment as "correcting a scrivener's error."

. Ms. Ferraro did not need to file a separate suit to set aside the sheriff's sale in order to raise these issues. She had filed a suit to quiet title before these issues arose, and raised the inadequacy of the notice of sale as an affirmative defense to Ms. Mazurek's claim to the property when the sale was revealed to her in an answer filed subsequent to the motion to dismiss.